MR. JUSTICE SHEEHY,
dissenting:
I dissent. The majority has searched the record to find “conflicting evidence,” but all of it is irrelevant. The plain truth is that the deputy sheriff of Jefferson County turned a vehicle over to a drunk to drive, and as a result Daniel Lindquist was needlessly killed.
The duty of the deputy sheriff when he arrested Schloss for drunk driving, was to search his automobile for evidence of alcoholic containers. Section 16-6-105, MCA. The deputy did not search the vehicle. The duty of the deputy sheriff was to impound the vehicle in which the alcoholic beverage is found. Section 16-6-105, MCA. He did not impound the vehicle. Instead he let the drunk driver dictate who should drive the automobile to Boulder.
Self-servingly now, all the officers testify that they saw no reason for Moran not to drive. But this testimony flies in the face of what the accident revealed 40 minutes later. Moran smelled of alcohol; there was spilled beer all over the back seat; there was a quantity of beer cans strewn around. How can the majority call the evidence conflicting, in the face of the physical evidence that the authorities did not perform their duty, the performance of which might have saved a life? Undoubtedly, between the time the vehicles left the arrest scene until the Vega ran off the road, some occupants of the car were not only then intoxicated, but were continuing to consume beer under the very nose of the deputy sheriff in the following vehicle.
*277 The highway patrol officer actually testified that the fact that Moran had been drinking was “not really” a contributing factor to the accident in the face of the physical evidence here.
Small wonder that the District Court ordered a new trial, and indicated he should have directed a verdict against the deputy and the county.
The record is bare of any evidence that the decedent was negligent before or at the accident. Yet the jury found him 25 percent negligent. This was a factor on which the District Court relied to grant a new trial. The jury granted the decedent nothing for his pain, suffering, or loss of earnings. This was another factor relied on by the District Court. The District Court was correct in granting a new trial.
The result is that the parents of the decedent get nothing for this misjudgment of public duty. I cannot agree.
MR. JUSTICES MORRISON and SHEA concur.